Derbigny, J.
delivered the opinion of the court. The plaintiffs attached 44 bales of cot
ton belonging to the defendant Daniel M’Gahey, proved their debt and obtained judgment ; but Wm. Fitz, in whose possession the cotton was, claims to be paid, in preference to the plaintiffs, the amount of his account of advances to M'Gahey.
It appears that, since the month of September, 1819, a course of commercial dealings were carried on between Fitz and M'Gahey ; Fitz selling him goods on credit, and paying his drafts, and M’Gahey sending him cotton from time to time. Fitz’s books show that he sold that cotton for M’Gahey’s account, and carried the amount of sales to his credit ; and that, at the time when the attachment took place, a balance of three thousand three hundred and fifty-three dollars, and eighty nine cents, were due from M'Gahey to Fitz. There can be no hesitation in saying that between men thus connected, whether they are viewed as principal and agent, or as creditor and debtor, property so situated must be considered as liable to the payment of *487 the advances made from one party to the other. It is a principle of the law-merchant, settled by repeated decisions, that the factor has a lien upon the goods of his principal in his hands, for the general balance of his account; but when the factor, being the creditor of his principal for advances already made, receives from him a consignment of produce for sale, that principle applies with particular force ; for such consignment is evidently a remittance. For the balance then, which was due to Fitz previous to the attachment, we say that he has a right to be paid out of the proceeds of the cotton consigned to him. We have not been able to ascertain whether the account last produced, purporting to be for acceptances by him made, on account of the cotton, is included in the account taken from his books, though we presume it must be. The objection raised by the plaintiffs against the production of that account, is, we think, without foundation ; the claim of Fitz comprehending the advances made on the cotton, distinctly from the general balance as per account annexed.
It has been contended that whatever lien Fitz had on the 44 bales of cotton, he has lost it by taking a mortgage on sundry slaves and immoveables, the property of the defendant and *488 giving him one year’s credit to pay the sum therein recognised to be due him. If it clearly appeared that the sum, for which the mortgage is given, includes the amount here claimed, it would be worth enquiring, if Fitz has, in reality, given up his lien on the cotton by taking the mortgage. But although it is admitted that at the date of the attachment there was no other debt due from M’Gahey to Fitz, than, the account presented in this case may establish, there is no certainty that the mortgage includes it ; because the attachment and the mortgage are both of the same day, and the debt mentioned in the mortgage may, for aught that appears, have been created after the attachment was laid.
Smith for the plaintiffs, Turner for the defendant, Morse for the claimant.
It is, therefore, ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.